UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIAM L. FRIERSON** | **CIVIL ACTION NO.** |
| **VERSUS** | **SECTION " "** |
| **DIAMOND OFFSHORE MANAGEMENT COMPANY, DIAMOND OFFSHORE DRILLING, INC., DIAMOND OFFSHORE COMPANY, NATIONAL OILWELL VARCO, L.P., and HYDRALIFT AMCLYDE, INC.** | **JUDGE:** |
| | **MAG:** |
| | **JURY TRIAL REQUESTED** |

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes Plaintiff, WILLIAM FRIERSON, who respectfully represents:

### I. PARTIES

1. Plaintiff, WILLIAM FRIERSON (hereinafter referred to as "Plaintiff"), brings this Civil Action under the Jones Act, 46 USC Section 688, with pendent and/or ancillary state claims and/or alternative claims under the General Maritime Law, and/or Louisiana Civil Code Article 2315, 2317, and/or 2317.1. At all times relevant herein, Plaintiff has been and is a citizen of the United States and is a resident of the State of Louisiana, Ouachita Parish.

2. Defendant DIAMOND OFFSHORE MANAGEMENT COMPANY is a business corporation domiciled in the State of Delaware with its principal place of business in Houston, Texas, which entity, at all times pertinent hereto, was licensed to do and doing business in the State of Louisiana and is the owner, owner *pro hac vice*, and/or operator of the vessel and/or fleet of vessels involved herein and/or employed Plaintiff at the time of the incident made the basis of these proceedings.

3. Defendant DIAMOND OFFSHORE DRILLING, INC. is a business corporation domiciled in the State of Delaware with its principal place of business in Houston, Texas, which entity, at all times pertinent hereto, was licensed to do and doing business in the State of Louisiana and is the owner, owner *pro hac vice*, and/or operator of the vessel and/or fleet of vessels involved herein and/or employed Plaintiff at the time of the incident made the basis of these proceedings.

4. Defendant DIAMOND OFFSHORE COMPANY is a business corporation domiciled in the State of Delaware with its principal place of business in Houston, Texas, which entity, at all times pertinent hereto, was licensed to do and doing business in the State of Louisiana and is the owner, owner *pro hac vice*, and/or operator of the vessel and/or fleet of vessels involved herein and/or employed Plaintiff at the time of the incident made the basis of these proceedings.

5. Defendant NATIONAL OILWELL VARCO, L.P. (hereinafter "NOV") is a business corporation domiciled in the State of Delaware with its principal place of business in Houston, Texas, which entity, at all times pertinent hereto, was licensed to do and doing business in the State of Louisiana and is the designer, manufacturer, and seller of the pipe racking system utilized on the vessel and/or fleet of vessels involved herein and is the parent corporation of Defendant, HYDRALIFT AMCLYDE, INC.

6. Defendant HYDRALIFT AMCLYDE, INC. (hereinafter "Hydralift") is a business corporation domiciled in the State of Delaware with its principal place of business in Houston, Texas, which entity, at all times pertinent hereto, was licensed to do and doing business in the State of Louisiana and is the designer, manufacturer, and seller of the pipe racking system utilized on the vessel or fleet of vessels involved herein and is a subsidiary of Defendant NOV.

7. Defendants DIAMOND OFFSHORE MANAGEMENT COMPANY, DIAMOND OFFSHORE DRILLING, INC., and DIAMOND OFFSHORE COMPANY are hereinafter collectively referred to as "the Diamond Defendants".

## II. JURISDICTION AND VENUE

8. Jurisdiction exists in this Honorable Court pursuant to the Jones Act, General Maritime Law and/or 28 U.S.C. Section 1331 and/or 28 U.S.C. Section 1332 and/or is entitled to relief under Louisiana law, namely La. Civ. Code arts. 2315, 2317, and/or 2317.1 pursuant to the "Savings to Suitors Clause," 28 U.S.C. Section 1333.

9. The amount in controversy exceeds SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00), exclusive of interest and costs.

10. At all times relevant herein, Plaintiff was an employee of the Diamond Defendants and was a seaman and member of the crew of the vessel or fleet of vessels owned and/or operated by the Diamond Defendants.

11. Venue is proper because the acts and omissions made the basis of this Complaint occurred within the territory of the United States District Court for the Eastern District of Louisiana.

## III. FACTS AND GENERAL ALLEGATIONS

12. At all times relevant herein, Plaintiff was employed by the Diamond Defendants and was assigned to the Drillship OCEAN BLACKHAWK (hereinafter "OCEAN BLACKHAWK") in the capacity of Floorhand. In that capacity, Plaintiff was essential to the mission and purpose of the OCEAN BLACKHAWK and assisted in the maintenance of the vessel. At all times relevant herein Plaintiff was working within the course and scope of his employment as a seaman and member of the crew of the OCEAN BLACKHAWK, owned and

operated by the Diamond Defendants in the navigable waters of Louisiana.

13.     On or about May 22, 2016, Plaintiff, through the negligence of the Diamond Defendants, NOV, and Hydralift and/or through the unseaworthiness of the OCEAN BLACKHAWK, was caused to sustain severe injuries to his mind and body when, suddenly and without warning, the pipe racking system on the OCEAN BLACKHAWK malfunctioned while Plaintiff and other drilling crewmembers were tripping pipe into the hole.  The upper tailing head/guide suddenly detached from the pipe racking system, violently fell towards the drill floor, and ricocheted off the fingerboards directly to where Plaintiff was standing. Despite being in the Diamond designated "safe zone," Plaintiff was in immediate risk of physical harm and/or death from the heavy falling object and was barely able to escape the zone of danger before being severely injured or killed.

14.     As a result of the incident, Plaintiff has suffered and continues to suffer from severe anxiety, depression, distress, insomnia, nightmares, nervousness, difficulty concentrating, inability to be around loud noises, hypersensitivity to noise, inability to be around crowds, palpitations, nausea, sweats, tremors, and dependence on anti-depressants and anti-anxiety medications.

15.     At all times relevant hereto, Plaintiff was employed by the Diamond Defendants to perform work on a vessel or fleet of vessels, operated and/or owned by the Diamond Defendants.  The Diamond Defendants owed Plaintiff a non-delegable duty to provide a safe place to work and/or a safe and seaworthy vessel, which duties were breached.

16.     The Diamond Defendants failed to provide Plaintiff safe and sufficient gear and/or proper appurtenances with which to perform his duties; failed to supply an adequate crew; required Plaintiff to perform his duties under unsafe conditions; and committed other acts of

4

negligence which will be shown at the trial of this matter.

17.     The incident and damages described herein were further caused by the fault, negligence, and/or strict liability of Defendants NOV and Hydralift.

18.     As a result of this incident, Plaintiff sustained severe injuries, the extent of which are not yet fully known, to his mind and body, which injuries have required, and will continue to require in the foreseeable future, extensive medical treatment.

19.     Plaintiff requests that the Diamond Defendants, NOV, and Hydralift preserve all evidence regarding the claims herein, including but not limited to photographs, video, logs, records, and/or documents, and that the Diamond Defendants immediately produce for inspection the OCEAN BLACKHAWK, its appurtenances, and equipment.

## IV.  CAUSES OF ACTION

### First Count – Jones Act Negligence

20.     Plaintiff brings this action against the Diamond Defendants under the provisions of the statutes of the United States, more particularly the Jones Act, Title 46 Section 688 of the United States Code.

21.     Under the Jones Act, the Diamond Defendants owed Plaintiff a safe place to work, which duty was violated through the negligence of the Diamond Defendants, their officers, agents and/or employees, and this violation had a causative relationship to Plaintiff's injuries.

### Second Count – General Maritime Law Unseaworthiness & Negligence

22.     While reiterating and realleging each and every preceding allegation, Plaintiff additionally and/or alternatively alleges that the Diamond Defendants, NOV, and Hydralift are liable to Plaintiff under the General Maritime Law for negligence.

23.     Plaintiff further contends that the Diamond Defendants are liable for breach of the

warranty of seaworthiness, extending to the vessel or vessels involved herein, including its crew, gear, and appurtenances, and that the vessel or fleet of vessels involved herein as set out hereinabove were unseaworthy including, but not limited to, the Diamond Defendants' failure to provide Plaintiff with a safe place to work, failure to provide safe and sufficient gear and/or appurtenances with which to perform his duties, failure to provide proper safety equipment and/or failure to provide a sufficient and/or competent crew to properly supervise Plaintiff's activities, as well as the operation involved, all of which proximately caused the injuries sustained by Plaintiff.

### Third Count – General Maritime Law Maintenance & Cure

24. While realleging and reiterating each and every allegation made hereinabove, Plaintiff additionally and/or alternatively alleges that the Diamond Defendants are liable for maintenance and cure under General Maritime Law.

25. At the time of the incident and injuries to Plaintiff made the basis of this litigation, Plaintiff was assigned to, at the call of, and/or in the service of the OCEAN BLACKHAWK.

26. Plaintiff was at work and actually performing work on the vessel for his employers, the Diamond Defendants, and earning wages and, subsequent to the injuries sued upon herein, Plaintiff has had to seek medical attention and has been unable to work.

27. Plaintiff is entitled to a reasonable maintenance rate from the date of his injury until he reaches maximum medical improvement.

28. Plaintiff is entitled to cure in the form of medical treatment from a doctor, doctors or other medical providers of his choosing until he reaches maximum medical improvement.

**Fourth Count – Strict Products Liability**

(as to Defendants, NOV and HYDRALIFT)

29. While reiterating and realleging each and every preceding allegation, Plaintiff additionally and/or alternatively alleges that the incident described herein and Plaintiff's resulting injuries were further caused by the fault, negligence, and/or strict liability of Defendants NOV and Hydralift under the General Maritime Law.

30. Defendants NOV and/or Hydralift designed, manufactured, sold, distributed, installed and warranted the pipe racking system utilized on the OCEAN BLACKHAWK.

31. Defendants NOV and Hydralift are strictly liable for the damages caused by the pipe racking system on the OCEAN BLACKHAWK because the pipe racking system and its components, including the upper tail head/guide, were unreasonably dangerous in construction, unreasonably dangerous in design, and unreasonably dangerous by reason of failure to warn.

32. The pipe racking system and its components were defective and unreasonably dangerous in construction, composition, and/or design, under normal use, insofar as detachment or separation of the upper tail head/guide from the pipe racking system is not an anticipated consequence when operating the pipe racking system.

33. The pipe racking system and its components presented an unreasonable risk of harm which was known to Defendants and existed at the time the product left the Defendants' control and/or resulted from a reasonably anticipated alteration and/or modification of the product.

34. Defendants failed to provide an adequate warning of known risks and/or hazards associated with the use or foreseeable misuse of the pipe racking system.

35. The incident and injuries described hereinabove were proximately caused in

whole or in part by the pipe racking system's unreasonably dangerous construction, composition, and/or design, defective manufacturing, lack of warnings or lack of sufficient warnings regarding its dangerous properties, and Defendants' failure to employ a safer alternative design, which was available at the time of manufacture and was capable of preventing or minimizing injury to Plaintiff.

## Fifth Count – Louisiana State Law Negligence

36. While realleging and reiterating each and every allegation made hereinabove, Plaintiff additionally and/or alternatively alleges that the Diamond Defendants, NOV, and Hydralift are liable for negligence under Louisiana Civil Code Articles 2315, 2317, and/or 2317.1, which negligence caused Plaintiff's injuries, and all other laws, statutes, industry customs and regulations applicable to this case.

37. The Diamond Defendants had a duty to provide Plaintiff with the following non-exclusive particulars regarding Plaintiff's work as a crew member of the OCEAN BLACKHAWK:

    (a)    a safe place to work;

    (b)    safe and sufficient gear and/or appurtenances with which to perform his duties;

    (c)    proper safety equipment;

    (d)    a sufficient and or competent crew to supervise Plaintiff's activities; and,

    (e)    appropriate training.

38. The Diamond Defendants breached their duty to Plaintiff by requiring him to perform his duties without providing safe and sufficient gear and/or appurtenances, proper safety equipment, a sufficient crew, appropriate supervision and/or appropriate training, and/or by other shortcomings which caused an unsafe place to perform Plaintiff's duties.

39. The Diamond Defendants' breach of their duty to Plaintiff was a substantial factor and/or cause in fact of Plaintiff's injuries.

40. NOV and Hydralift owed Plaintiff a duty to exercise proper care in designing, manufacturing, selling, and distributing the Pipe Racking System involved herein and to provide a reasonably safe product.

41. Defendants NOV and Hydralift breached their duty to Plaintiff by failing to design, manufacture, sell, and distribute a safe pipe racking system, failing to properly install the pipe racking system, failing to properly program the pipe racking system, failing to ensure that all other components of the pipe racking system were secured and functioning properly, failure to properly inspect, or otherwise exercise proper control over the installation and/or use of the pipe racking system, and other acts of negligence to be established at trial.

42. The incident and injuries to Plaintiff made the basis of this litigation are directly within the scope of protection afforded by the duties attributed to the Diamond Defendants, NOV and Hydralift, which were breached.

43. As a direct result of Defendants' breach of duties owed to Plaintiff, Plaintiff has been injured in fact, sustaining damages to his mind and body.

## V. DAMAGES

44. Plaintiff, by virtue of the injuries sustained in the incident sued upon herein, has sustained damages, for which Defendants are liable, as follows:

   a. Past, present, and future loss of wages, fringe benefits and wage earning capacity;
   b. Past, present, and future medical expenses;
   c. Past, present, and future physical pain and suffering;
   d. Past, present, and future mental pain and suffering;
   e. Permanent disability;

  f. Loss of enjoyment of life;

  g. Attorneys' fees and costs; and

  h. All other special and general damages as will be shown at the trial of this matter.

45. Plaintiff, as set out hereinabove, was injured while performing work as a seaman and member of the crew of a vessel or fleet of vessels, in the employment of the Diamond Defendants and sustained the injuries complained of in the service of the vessel so as to be entitled to maintenance and cure, both past and future, until such time as Plaintiff has in fact reached maximum cure.

## VI.  JURY DEMAND

46. Plaintiff is entitled to and requests a trial by jury on all counts alleged herein.

## VII.  PRAYER FOR RELIEF

47. WHEREFORE, Plaintiff prays for a trial by jury and for judgment herein against Defendants, DIAMOND OFFSHORE MANAGEMENT COMPANY, DIAMOND OFFSHORE DRILLING, INC., NATIONAL OILWELL VARCO L.P., and HYDRALIFT AMCLYDE, INC., for damages as are reasonable in the premises and for all costs of these proceedings.

48. Plaintiff further prays for all general and equitable relief.

Dated:  May 22, 2017      All of which is respectfully submitted,

              */s/ Hugh P. Lambert*
              HUGH P. LAMBERT, T.A. (LA Bar #7933)
              CAYCE C. PETERSON, ESQ. (LA Bar #32217)
              JACKI L. SMITH, ESQ. (LA Bar #34769)
              MORGAN EMBLETON, ESQ. (LA Bar #35769)
              BRIAN C. MEARS, ESQ. (LA Bar #35909)
              The Lambert Firm, PLC
              701 Magazine Street
              New Orleans, Louisiana 70130
              T: (504) 581-1750; F: (504) 529-2931
              hlambert@thelambertfirm.com
              cpeterson@thelambertfirm.com
              jsmith@thelambertfirm.com
              membleton@thelambertfirm.com

                                      bmears@thelambertfirm.com
                                      *Counsel for Plaintiff*